IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS OLIVAREZ VEGA,<br><br>        Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. CV-F-05-389 OWW<br>(No. CR-F-02-5408 OWW)<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On March 24, 2005, Petitioner Jesus Olivarez Vega timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiracy to aid and abet the manufacture of methamphetamine and to possess pseudoephedrine while believing it would be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Petitioner was sentenced on March 29, 2004 to 135 months incarceration.

Petitioner did not file an appeal to the Ninth Circuit.

The Second Superseding Indictment charged Petitioner and others with conspiring "to aid and abet the manufacture of 50 grams or more of methamphetamine ... and to possess pseudoephedrine, a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine."  The written Plea Agreement provided:

> The defendant understands that the law gives him a right to appeal his conviction and sentence.  The defendant waives any right to appeal his conviction and sentence and any right he may have to bring any other post-conviction attack on his conviction and sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction and sentence.

Pursuant to the Plea Agreement, Petitioner agreed to the following facts:

> Between on or about August 1, 2002, and August 3, 2002, in the County of Stanislaus, within the State and Eastern District of California, and elsewhere, the defendant knowingly and intentionally agreed and conspired with MARCO ANTONIO NEGRETE SAENZ, MANUEL SOLORZANO CONTINO aka Victor Sanchez Sepulveda, GILBERTO MALDONADO, and JAVIER VILLAVICENCIO to aid and abet the manufacture of methamphetamine and to possess pseudoephedrine, a listed chemical, knowing or having reasonable cause to believe it would be used to manufacture methamphetamine, a controlled substance.  Specifically, during that time frame, the defendant knowingly and intentionally agreed and conspired with his co-defendants to purchase from a confidential informant in Turlock twenty cases of pseudoephedrine for the purpose of cooking or manufacturing 'crank' or methamphetamine.  Twenty cases of pseudoephedrine is capable of producing approximately 34 pounds of actual methamphetamine.

The Plea Agreement set forth the elements of the offense to which Petitioner pleaded guilty, including that, "[i]n addition, the government is required to prove beyond a reasonable doubt that: [¶] ... The conspiracy involved 50 grams or more of methamphetamine."  The Plea Agreement advised that Petitioner's sentence would be determined under the Sentencing Guidelines, that the Court was not a party to the Plea Agreement and was free to impose the maximum penalty, and that the maximum potential sentence was a mandatory minimum of ten years and a maximum of life imprisonment.

A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992), *cert. denied*, 508 U.S. 979 (1993).  The Ninth Circuit ruled that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver."  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).  Petitioner makes no claim in his Section 2255 motion that he was denied the effective assistance of counsel or that the waiver of his right to collaterally attack his conviction and sentence was not knowing and voluntary because of ineffective assistance of counsel.  Consequently, Petitioner cannot challenge his conviction or sentence pursuant to Section 2255.

Further, Petitioner's claims are without merit.

Petitioner contends that he is entitled to relief because "[t]here was no element of a drug amount in the indictment." However, drug quantity is not an element of the offense. *See United States v. Thomas,* 355 F.3d 1191, 1194-1195 (9th Cir.2004); *United States v. Toliver,* 351 F.3d 423, 430 (9th Cir.2003), *cert. denied*, 541 U.S. 1079 (2004).

Petitioner argues that the Second Superseding Indictment "failed to allege that mere possession of pseudoephedrine is a criminal act." Petitioner's claim is belied by the language in the Second Superseding Indictment, i.e., that Petitioner conspired to possess pseudoephedrine, a listed chemical, "knowing or having reasonable cause to believe it would be used to manufacture methamphetamine." Petitioner claims that the Second Superseding Indictment "failed to state any amount of pseudoephedrine attributable to Vega; a necessary element of the offense." Petitioner's argument is without merit. *See discussion supra*.

Although Petitioner asserts that he does not wish to withdraw his guilty plea, Petitioner claims that he did not knowingly or voluntarily enter into the Plea Agreement:

> Vega could not have 'knowingly' or 'intelligently' entered into the Plea Agreement in this case. Without knowing what his sentence would be, Vega could not have 'intelligently' entered into the agreement. The prosecutor in this case could not have known what sentence could or would be meted out to Vega, but wanted Vega so intimidated that he would sign anything that resembled

4

> less than what he was being told he could get.
>
> ...
>
> Appeal waivers are most often one-sided, are constitutionally suspect and counter to public policy.  Whether any waiver can be knowing and intelligent, when what is being waived is the right to appeal errors that have yet to occur, should be considered when determining issues regarding plea agreement waivers.  No appeal waiver (before the fact) can be knowing and intelligent.  Appeal waivers offend judicial integrity by foreclosing from review errors surrounding a defendant's sentence.  Given the bargaining superiority of the government, agreements to waive sentencing appeals become suspect as adhesion contracts.

Petitioner's contentions are without merit.  During the change of plea colloquy, Petitioner admitted under oath that he had read the Plea Agreement and discussed it with his attorney; that he understood the Plea Agreement; that he understood that he was waiving his right to appeal; that he understood the minimum and maximum penalties that could be imposed at sentencing; that he understood that the Court was not bound by the Plea Agreement and could sentence Petitioner pursuant to the Sentencing Guidelines, and that, other than as set forth in the Plea Agreement, no promises or threats were made to get him to enter into the Plea Agreement and plead guilty pursuant to its terms.  Petitioner's assertions that his guilty plea was not "intelligently" made because he did not know the exact sentence that would be imposed and because an appeal waiver is an "adhesion contract" are belied by this record.  Further,

Petitioner's contention that he does not seek by this Section 2255 motion to set aside his guilty plea negates any validity to his arguments that the plea was not intelligently entered.

For the reasons stated:

1. Petitioner Jesus Olivarez Vega's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

**Dated:   July 23, 2008**                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE